[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR EXEMPTION
On July 12, 1994, the plaintiff, American Express Travel Related Services, Inc. (Amex), received a judgment and order of weekly payments against the defendants, Winnie and Wendy Teal. The weekly payments were not made, and, on September 12, 1994, the plaintiff moved for a wage execution against the wages of Wendy Teal pursuant to General Statutes § 52-361a. On November 21, 1994, Wendy Teal filed a claim for exemption from execution.
Pursuant to General Statutes § 52-361b(d) "a judgment debtor may claim an exemption as to . . . earnings sought to be levied on . . . in a supplemental proceeding to the original action by return of a signed exemption claim form, indicating the property or earnings claimed to be exempt . . . the class of any exemption claimed, and the name and address of any employer, or other person holding such property or earnings, to the superior court."
The defendant's claim for exemption does not state the class of exemption claimed, or a statutory citation under which such exemption is claimed. The defendant apparently bases her claim for exemption upon her argument that the underlying judgment should not have been granted. No timely motion to re-open the judgment was filed. On a claim for exemption, the merits for the underlying action are not properly before the court. The defendant has not claimed any other grounds upon which to base an exemption, therefore, the defendant's claim for exemption is denied.
D'ANDREA, J. CT Page 12947